OPINION OF THE COURT
Amy J. Fricano, S.
In this probate proceeding five wills of the decedent, Arthur W. Karsten, are currently on file with this court, all of which have some beneficiaries who are different from will to will. These wills are dated March 2, 1993, July 15, 1992, April 24,
1992, March 15, 1989 and September 24, 1987. Two of these wills have currently been offered for probate. The first will offered for probate was the third most recently dated will of April 24, 1992. A decree granting temporary letters of administration was issued on July 28, 1995, appointing David Broderick, the Niagara County Treasurer and Public Administrator, as temporary administrator of the decedent’s estate. The Public Administrator was charged with gathering, preserving and protecting the decedent’s assets and to pay the decedent’s debts and obligations to prevent the estate from being wasted. Thereafter, on October 25, 1995, the Public Administrator offered the third most recent will dated April 24, 1992, for probate. The Public Administrator was required to notify everyone named in the two more recent wills as well as the decedent’s distributees and those listed in the April 24, 1992 will. The return date for the citation on this petition was December 21, 1995. Thereafter, the decedent’s most recent will dated March 2, 1993, was offered for probate on November 29, 1995. In addition, objections to the probate of the will dated April 24, 1992, were filed on December 6, 1995. The probate petition filed November 29, 1995, was technically defective and was revised and refiled on January 8, 1996. A citation has not yet been issued for this petition given intervening proceedings. None of the other three wills on file with this court have been offered for probate, nor have any other wills not on file with the court been offered for probate.
A question has arisen, given the facts set forth above, as to the proper parties to be cited pursuant to SCPA 1403 based upon the petition for the probate of the will dated March 2, 1993. SCPA 1403 (1) (d) states in part as follows: "1. In a proceeding for the probate of a will process must issue to the following persons if not petitioners * * *
"(d) Any person designated as beneficiary, executor, trustee or guardian in any other will of the same testator filed in the *1052 surrogate’s court of the county in which the propounded will is filed whose rights or interests are adversely affected by the instrument offered for probate.”
The attorneys representing the various parties to this estate have suggested that the application of this section is capable of several different results, each of which would require the service of process on different parties given the five wills of the decedent which are on file with this court. The narrowest suggested application would require service only upon those interested parties in the will being offered for probate and the next most recent will. The broadest suggested application would require service of process upon all interested parties in all five wills on file with this court. Based upon the facts set forth above, the court believes that neither proposed application of this section is correct.
Given that a petition for the probate of the will dated April 24, 1992, has already been filed, it is clear that the second petition for the probate of the will dated March 2, 1993, adversely affects the rights and interests of those beneficiaries and other interested parties. The petitioner in that case has requested that the April 24, 1992 will be admitted to probate, and the petition to probate the March 2, 1993 will clearly adversely affects the petitioner and the interested parties of the April 24, 1992 will. To hold otherwise would be inconsistent with the apparent intent of SCPA 1403 (1) (d), to ensure that these parties have the standing to object to the probate of the will being so offered. As it is clear that the issue of the validity of the most recent will must be established first, before that issue can be addressed with respect to any other later wills, to deny these interested parties the standing to object would be inconsistent with the apparent intent of SCPA 1403.
Having stated this, the court is not unaware that a similar argument could be raised with the beneficiaries and interested parties in all five wills. The court believes, however, that the intent of SCPA 1403 (1) (d) is to ensure that the resolution of any issues concerning the validity of a propounded instrument be properly represented on both sides. Where there are clearly existing adverse parties, as we have here, the interests of those differing beneficiaries and interested parties in those earlier wills will be protected by the actions of the current objectants. If the current objectants are successful in preventing the probate of the most recent will, then, before the next most recent will may be admitted to probate, additional parties would necessarily be required to be served. In addition, any of *1053 the interested parties as set forth in these earlier wills could petition for the probate of such will if they wish to be joined as parties to the current proceedings.
Accordingly, the petitioner for the probate of the March 2, 1993 will is directed to serve all beneficiaries and interested parties in the wills dated March 2, 1993, July 15, 1992, and April 24, 1992.